IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY MICHAEL CRAMMER,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-0715** |
| : | |
| **ANIMAL RESCUE LEAGUE,** *et al.* : | |
|     **Defendants.** : | |

**MEMORANDUM**

**HENRY, J.**                                                                                                       **MARCH 26, 2025**

Currently before the Court is a Complaint filed by Plaintiff Gary Michael Crammer against the Animal Rescue League ("ARL"), unidentified ARL employees, and Lillian Crammer pursuant to 42 U.S.C. § 1983. Crammer seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Crammer leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

Utilizing a form Complaint, Crammer alleges that his privacy rights pursuant to the Health Insurance Portability and Accountability Act **("HIPAA")** were violated when Defendant Lillian Crammer ("Lillian") told ARL that Crammer was in a treatment facility. (Compl. at 4, 7.) Crammer also avers that Lillian, who has a "durable power of attorney," did not respect his wishes when she surrendered his dog, Donald J. Trump, to the ARL. (*Id.*) Crammer further asserts that ARL used the information obtained from Lillian against him when it refused to return his dog. (*Id.* at 4.) Crammer also contends that ARL and its employees, knowing that he was a

---

[1] The factual allegations are taken from the Complaint (ECF No. 2) and the handwritten pages attached thereto. The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

"disabled vet," tried to "intimidate" him by unnecessarily demanding proof of ownership. (*Id.* at 9-10.) As a result of Defendants' actions, he has experienced mental anguish and depression. (*Id.* at 5.) Crammer claims that his HIPAA rights have been violated and he has been discriminated against because he is a "disabled veteran."[2] (*Id.* at 3, 5.) He seeks the revocation of Lillian's power of attorney, the return of Donald J. Trump, and monetary damages. (*Id.* at 5.)

## II.     STANDARD OF REVIEW

The Court grants Crammer leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

---

[2] Nothing in the Complaint suggests any factual basis for class-based or disability discrimination. Moreover, a passing reference without factual support is not sufficient to bring claims before a court. *Brown v. Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023), *cert. dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144 S. Ct. 417 (2023); *see also Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Crammer is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

### III. DISCUSSION

#### A. HIPAA Claims

Crammer seeks to bring claims pursuant to HIPAA. However, that statute does not provide for a federal private right of action. *See Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011); *Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010); *Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078, 1082 (9th Cir. 2007); *Acara v. Banks,* 470 F.3d 569 (5th Cir. 2006); *Altavilla v. Geisinger Wyoming Valley Med. Ctr.*, No. 17-1704, 2018 WL 1630961, at *2 (M.D. Pa. Mar. 12, 2018), *report and recommendation adopted,* 2018 WL 1629870 (M.D. Pa. Apr. 4, 2018) ("'The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA compliant, lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens.'" (quoting *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469 (D.N.J. 2013)); *see also*

*Cobb v. PrimeCare Med. Corp.*, No. 18-1516, 2020 WL 13729620, at *6 (M.D. Pa. Jan. 29, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 13730063 (Feb. 24, 2020) (stating that HIPAA "does not create a private right of action for alleged disclosures of confidential medical information. . . .  Therefore, neither [HIPAA] nor 42 U.S.C. § 1983 supports an action based on HIPPA violations.") (internal quotation omitted).  Accordingly, all claims asserting violations of HIPAA will be dismissed.

      B.      **Constitutional Claims**

Crammer seeks damages for alleged violations of his civil rights.  (Compl. at 5.)  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law – i.e., whether the defendant is a state actor – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Crammer has not alleged any facts to support a plausible inference that ARL meets any of the foregoing tests, and nothing in the Complaint suggests any factual or legal basis for concluding that it or its employees are state actors who could be held liable under § 1983. According to its website, the ARL of Berks County is a 501(c)(3) charitable organization that cares for and assists with adoption or reunification of animals with their owners. *See* Animal Rescue League of Berks County, https://berksarl.org/about/ (last visited March 25, 2025). Crammer contends that Lillian took Donald J. Trump to the ARL, and there are no allegations that any animal control officers seized his dog. *See Tiger v. PAWS Animal Adoption Ctr.*, No. 24-349, 2025 WL 457802, at *5 (D. Me. Feb. 11, 2025) (concluding that animal shelters or their employees typically do not satisfy the state actor tests unless they coordinate closely with animal control officers or police or are authorized to exercise the powers more typically given to animal control officers, such as the power to investigate and issue citations or search and seize animals from their owners); *Lynch v. Southampton Animal Shelter Found. Inc.*, 971 F. Supp. 2d 340, 351-54 (E.D.N.Y. 2013) (finding no state action when nonprofit organization only maintained an animal shelter and did not investigate or seize animals); *Shell v. Ferry Cnty.*, No. 16-21, 2017 WL 579898, at *4 (E.D. Wash. Feb. 13, 2017) (finding no state action for volunteer animal shelter that lacked any enforcement power and only occasionally worked with the sheriff to manage the stray population); *Chambers v. Doe*, 453 F. Supp. 2d 858, 872 (D. Del. 2006) ("The S.P.C.A. and its employees are private individuals engaged in the prevention of cruelty to animals under the umbrella of a private non-profit organization.  They are not 'clothed with the authority of state law.'"); *compare Fabrikant v. French*, 691 F.3d 193, 205-08 (2d Cir. 2012) (finding state action when SPCA employees investigated, obtained a search warrant, and seized dogs).

Crammer also does not provide any factual allegations with respect to Lillian that would support an inference that she was acting under color of state law. *See Massey v. Crady*, No. 17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Brett v. Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending dismissal of § 1983 claims against private individual as frivolous), *report and recommendation adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Toroney v. Woyten,* No. 86-4871, 1986 WL 11081, at *1 (E.D. Pa. Oct. 3, 1986) (dismissing § 1983 claims against private actor as frivolous). Accordingly, the Court will dismiss Crammer's constitutional claims against the Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Crammer leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim. Crammer cannot cure the defects in his Complaint, so he will not be given leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An Order follows, which shall be docketed separately.

**BY THE COURT:**

*/s/ Catherine Henry*
_____
**CATHERINE HENRY, J.**